IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY BABATUNDE PETERS, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-cv-03280 |
| | § | |
| GATEWAY INSURANCE COMPANY | § | |
| | § | |
| DEFENDANT | § | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Defendant GATEWAY INSURANCE COMPANY hereinafter referred to as "Defendant" in the above-entitled and numbered cause of action and files this First Amended Answer to Plaintiff's Original Petition pursuant to Federal Rules of Civil Procedure 7 and 8, as follows:

1.     There are no allegations to admit or deny in Paragraph 1 of Plaintiff's Original Petition.

2.     Defendant admits the statements contained in Paragraph 2 of Plaintiff's Original Petition and incorporates its previously filed Notice of Removal.

3.     Defendant admits the statements contained in Paragraphs 3 and 4 of Plaintiff's Original Petition. Defendant admits Plaintiff is a resident and citizen of the State of Texas. Defendant admits it is a citizen of the State of Missouri.

4.     Defendant admits the statements contained in Paragraph 5 of Plaintiff's Original Petition and incorporates its previously filed Notice of Removal.

5.     Defendant denies that the incident made the basis of this lawsuit occurred on November 1, 2016, as alleged in the first sentence of Paragraph 6 of Plaintiff's Original

Petition – the incident made the basis of this lawsuit occurred on June 22, 2017 – otherwise admit the remaining allegations contained in the first sentence. Defendant denies the allegations contained in second sentence of Paragraph 6.

6.      Defendant admits the statements contained in Paragraph 7 of Plaintiff's Original Petition.

7.      Defendant denies the allegations made in Paragraph 8 of Plaintiff's Original Petition.

8.      Defendant admits that Plaintiff presented an underinsured motorist claim to Defendant as stated in Paragraph 9 of Plaintiff's Original Petition, otherwise deny.

9.      Defendant denies the allegations made in Paragraph 10 of Plaintiff's Original Complaint.

10.     Defendant admits the statements contained in Paragraph 11 of Plaintiff's Original Petition.

11.     Defendant denies the statements contained in Paragraph 12 of Plaintiff's Original Petition.

12.     Defendant denies the statements contained in Paragraph 13 of Plaintiff's Original Petition.

13.     Defendant denies the statements contained is Paragraph 14 of Plaintiff's Original Petition.

14.     Defendant denies the allegations contained in Paragraphs 15-18 (Breach of Duty of Good Faith and Fair Dealing) of Plaintiff's Original Petition. Defendant further refers to its previously filed Unopposed Motion to Sever and Abate Extracontractual

Claims (Doc. 7) and the signed Order granting Defendant's motion on December 7, 2018 (Doc. 9).

15.    Defendant denies all requested relief as alleged in Paragraphs 19-21 of Plaintiff's Original Petition.

16    Defendant denies all requested relief as alleged in the "Prayer" of Plaintiff's Original Petition.

## AFFIRMATIVE DEFENSES

17.    Without waiving or limiting its general denial or any of the defenses below, Defendant further pleads each of the following defenses in the alternative:

18.    Plaintiff has failed to comply with all conditions precedent to recover under the insurance policy in question. Specifically, Plaintiff has not established that he is legally entitled to recover a just amount of damages from the owner or operator of an underinsured motor vehicle because of bodily injury and/or property damage as a result of the accident in question.

19.    Defendant admits it issued an automobile policy of insurance to Anthony Babatunde Peters, and that the policy was in effect on the date of the accident in question on June 22, 2017. Defendant intends to comply with the terms and conditions of the policy sued on and agrees to pay Plaintiff those monies which Plaintiff is legally entitled to recover as covered damages as determined by the Court and jury.

20.    Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant also asserts "Limits of Liability" as an affirmative defense. Defendant's liability is limited to the amount of underinsured motorist coverage purchased by the insured and reduced by any

3

applicable reduction clauses or pro rata clauses in said policy, including the offsets or credits Defendant is entitled to.

21.    Plaintiff alleges he is entitled to interest. He also alleges that he will suffer future injuries as a result of Defendant's actions. Pursuant to Section 304 of the Texas Finance Code, pre-judgment interest may not be assessed or recovered on an award of future damages. *See* TEX. FIN. CODE ANN. § 304.1045. Pre-judgment interest accrues on the amount of the judgment during the period on the earlier of the 180th day after the date on which Defendant receives written notice of Plaintiff's claim or the date on which suit is filed and ending on the day preceding the date on which judgment is rendered. *Id.* § 304.104. Pre-judgment interest is computed as simple interest and does not compound. *Id.*

22.    Additionally, and without waiving the foregoing, Defendant contends Plaintiff is not entitled to recover pre-judgment and post-judgment interest against an insurance company as alleged in his petition. In *Henson v. Southern Farm Bureau Casualty Insur. Co.*, 17 S.W.3d 652, 654 (Tex. 2000), the Texas Supreme Court held that insurers owe prejudgment interest on top of the policy benefits only if they withhold those benefits in breach of contract.

23.    It is only after a factfinder has found the insurance company to be at fault and the Plaintiff damaged thereby, that the insurer becomes legally obligated to pay the Plaintiff. *Id.* (if there is a finding of liability and the insurer pays the Plaintiff the UIM policy limits with in thirty days of judgment, the insurer owes no interest because the relationship between Plaintiff and insurer is that of contracting parties). *See also Truck Insur. Exchange v. Robertson*, 89 S.W.3d 261, 262 (Tex.App.—Fort Worth 2002, no pet.).

4

24.     Defendant asserts that the negligence or other conduct of the Plaintiff and/or some third party was the sole proximate cause or proximate cause of the matters about which Plaintiff complains in his petition.  Defendant hereby asserts the defense of contributory negligence, comparative fault, and proportionate responsibility as to the causes of action pleaded by Plaintiff.

25.     Defendant further asserts that in the unlikely event Defendant is found liable to Plaintiff, Defendant expressly denies such liability and contends that Defendant is entitled to indemnity and all credits, offsets or contributions provided by the laws and the statutes of the State of Texas, including but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as all other applicable laws and statutes.

26.     Defendant asserts that Plaintiff's claims for damages are barred, under section 33.001 of the Texas Civil Practice and Remedies Code, in the event the percentage of Plaintiff's responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.

27.     Defendant reserves the right to submit an issue on the negligence of the Plaintiff's, any settling defendant, any third-party defendant, any responsible third-party, and any other parties, whether a party to this lawsuit or not, in accordance with section 33.003 of the Texas Civil Practice and Remedies Code.

28.     If any other parties or potential parties have settled with the Plaintiff during this suit or any other suit for the same damages alleged herein, arising out of Defendant's conduct, Defendant is entitled to a credit or reduction of its liability for the same amounts paid, or to be paid, by a settling party or defendant under section 33.012 of the Texas

5

Civil Practice and Remedies Code.

29.     Defendant further pleads all applicable provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code pertaining to contribution and proportionate responsibility.

30.     Defendant asserts, in addition to any other limitation under law, that Plaintiff's recovery of any medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code.

31.     Defendant asserts that the recovery of any loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, and loss of inheritance by Plaintiff is limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

32.     Defendant asserts that Plaintiff did not use ordinary care in reducing or avoiding his damages.  Defendant further asserts that the injuries or damages alleged by the Plaintiff are, in whole or in part, the result of the Plaintiff's failure to mitigate his damages as required under Texas law.  Alternatively, any damages the Plaintiff recovers must be reduced by the amount of damages the Plaintiff could have reasonably avoided.

33.     Defendant pleads pre-existing and/or subsequent injury as an affirmative defense, and further asserts that any condition which the Plaintiff currently is complaining of, which are due to a pre-existing condition and/or subsequent injury, is not a condition or injury for which Defendant is legally responsible for in law.

6

34.     Defendant specifically pleads and incorporates by reference as affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law.

## DEMAND FOR JURY TRIAL

35.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant has previously filed its demand for a trial by jury of all claims in this litigation.

## PRAYER AND RELIEF REQUESTED

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, prays that the Plaintiffs take nothing in their lawsuit against Defendant and that the Court grant Defendant such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

By: _____
        Joseph M. Heard
        State Bar. No. 09337500
        S.D. Tex. Bar No. 1295
        HEARD & MEDACK, P.C.
        9494 Southwest Freeway, Suite 700
        Houston, Texas 77074
        Telephone: (713) 772-6400
        Facsimile: (713) 772-6495
        Email: jheard@heardmedackpc.com

ATTORNEY IN CHARGE FOR DEFENDANT
GATEWAY INSURANCE COMPANY

7

<u>Of Counsel:</u>
Amanda M. Berron
State Bar No. 24070720
S.D. Tex. Bar No. 1114482
HEARD & MEDACK, P.C.
9494 Southwest Freeway, Suite 700
Houston, Texas 77074
Telephone: (713) 772-6400
Facsimile: (713) 772-6495
aberron@heardmedackpc.com

### **CERTIFICATE OF SERVICE**

      Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached was duly been served upon each party by facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 15th day of February, 2019.

      **<u>Via Facsimile: (713) 583-4155</u>**
      Nhan Nguyen
      Texas Bar No. 24041589
      THE LAW OFFICES OF NHAN NGUYEN
      2500 West Loop South, Suite 340
      Houston, Texas 77027
      Telephone: (713) 840-7200
      Facsimile: (713) 583-4155
      Email: Nhan@healthlawservices.com

      ATTORNEY FOR PLAINTIFF

                    Joseph M. Heard